IN THE DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOVIE GALLERY US, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK W. GREENSHIELDS, )<br>ASSOCIATED SOURCING, AND )<br>ASSOCIATED SOURCING )<br>HOLDINGS, INC. d/b/a VIDEO )<br>LIBRARY, )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO.:<br>1:07CV1032-MHT |

### ANSWER OF MARK W. GREENSHIELDS, ASSOCIATED SOURCING, AND ASSOCIATED SOURCING HOLDINGS, INC.

Comes now Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holdings, Inc. and, collectively, as answer to the Complaint in the above-styled case, says as follows:

### INTRODUCTION

1. Paragraph 1 of the Plaintiff's Complaint is denied.

### PARTIES AND JURISDICTION

2. Paragraph 2 of the Plaintiff's Complaint is admitted.

3. Paragraph 3 of the Plaintiff's Complaint is admitted.

4. Paragraph 4 of the Plaintiff's Complaint is admitted.

5. Paragraph 5 of the Plaintiff's Complaint is admitted to the extent that Associated Holdings is a Washington corporation, but Defendants' deny that Associated Sourcing Holdings does business as "Video Library".

6. Paragraph 6 of the Plaintiff's Complaint is admitted.

7. Paragraph 7 of the Plaintiff's Complaint is admitted.

8. Paragraph 8 of the Plaintiff's Complaint is admitted.

## FACTUAL BACKGROUND

9. Paragraph 9 of the Plaintiff's Complaint is admitted.

10. Paragraph 10 of the Plaintiff's Complaint is admitted.

11. Paragraph 11 of the Plaintiff's Complaint is admitted to the extent that Defendant Greenshields entered into negotiations with Movie Gallery, but it is denied that Associated Sourcing entered into the alleged negotiations.

12. Paragraph 12 of the Plaintiff's Complaint is admitted in part and otherwise denied. The first sentence of paragraph 12 is admitted. The Defendants are without information or knowledge sufficient to admit or deny the remaining material allegations of paragraph 12, and furthermore, the document to which Plaintiff refers speaks for itself. The remainder of paragraph 12 is, therefore, denied.

13. Paragraph 13 of the Plaintiff's Complaint is admitted to the extent that during the course of the negotiations with Plaintiff, Plaintiff provided certain documents and information. The remainder of paragraph 13, including but not limited to the contents and types of documents disclosed, is denied.

14. Paragraph 14 of the Plaintiff's Complaint is admitted to the extent that, on information and belief, the Plaintiff's Board of Directors did not approve of the sale of the Video Library business, and this paragraph is otherwise denied.

15. Paragraph 15 of the Plaintiff's Complaint is admitted to the extent that Associated Sourcing has rented warehouse space formerly used by Plaintiff, but the Defendants deny Plaintiff's allegation regarding Associated Sourcing Holdings, Inc.'s reason for renting this space. Defendants deny the remainder of paragraph 15.

16. Paragraph 16 of the Plaintiff's Complaint is admitted to the extent that three former Movie Gallery employees are now employed by Associated Sourcing Holdings, Inc. This paragraph is otherwise denied.

17. Paragraph 17 of the Plaintiff's Complaint is admitted to the extent that Greenshields received a letter from Movie Gallery on July 30, 2007, but because this document speaks for itself, the remainder of the paragraph is denied.

18. Paragraph 18 of the Plaintiff's Complaint is denied.

## COUNT I

### (Breach of Contract and Injunctive Relief)

19. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 18 above, as through fully incorporated herein.

### Breach of Contract

20. Paragraph 20 of the Plaintiff's Complaint is admitted in that Defendants Greenshields and Associated Sourcing are parties to an October 30, 2006 Non-Disclosure Agreement but is otherwise denied.

21. Paragraph 21 of the Plaintiff's Complaint is denied in that the document speaks for itself.

22. Paragraph 22 of the Plaintiff's Complaint is admitted to the extent that during the course of the negotiations with Plaintiff, Plaintiff provided certain documents and information. The remainder of paragraph 13, including but not limited to the contents and types of documents disclosed, is denied.

23. Paragraph 23 of the Plaintiff's Complaint is admitted to the extent that the Plaintiff's Board of Directors did not approve of the sale of the Video Library business, and this paragraph is otherwise denied.

24. Paragraph 24 of the Plaintiff's Complaint is denied.

25. Paragraph 25 of the Plaintiff's Complaint is denied.

## Injunctive Relief

26. Paragraph 26 of the Plaintiff's Complaint is denied in that the document speaks for itself.

27. Paragraph 27 of the Plaintiff's Complaint is denied.

28. Paragraph 28 of the Plaintiff's Complaint is denied.

29. Paragraph 29 of the Plaintiff's Complaint is denied.

30. Defendants are without information of knowledge sufficient to know whether Plaintiff is willing and able to post a reasonable security, and this portion Paragraph 30 is, therefore, denied. To the extent that this Paragraph makes an allegation regarding the terms of the parties' prior agreements, the document speaks for itself, and thus, the allegation is denied.

31. Paragraph 31 of the Plaintiff's Complaint is denied.

## COUNT II

### (Violation of Alabama Trade Secrets Act)

32. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 31 above, as through fully incorporated herein.

33. Paragraph 33 of the Plaintiff's Complaint is denied.

34. Defendants are without information and knowledge sufficient to answer Paragraph 34 of the Plaintiff's Complaint, and it is, therefore, denied.

35. Paragraph 35 of the Plaintiff's Complaint is denied.

36. To the extent that Paragraph 36 of the Plaintiff's Complaint assumes the truth of Paragraph 35, it is denied. Defendants are otherwise without information and knowledge sufficient to answer Paragraph 36 of the Plaintiff's Complaint, and it is, therefore, denied.

37. Paragraph 37 of the Plaintiff's Complaint is denied.

38. Paragraph 38 of the Plaintiff's Complaint is denied.

39. Paragraph 39 of the Plaintiff's Complaint is denied.

40. Paragraph 40 of the Plaintiff's Complaint calls for a legal conclusion and is therefore denied. To the extent that this paragraph assumes that the Defendants have violated Alabama Code § 8-27-1 *et seq.*, it is denied.

41. Paragraph 41 of the Plaintiff's Complaint is denied.

42. Paragraph 42 of the Plaintiff's Complaint is denied in that the document speaks for itself.

43. Paragraph 43 of the Plaintiff's Complaint is denied.

44. Defendants are without information of knowledge sufficient to know whether Plaintiff is willing and able to post a reasonable security, and this portion Paragraph 44 is,

therefore, denied. To the extent that this Paragraph makes an allegation regarding the terms of the parties' prior agreements, the document speaks for itself, and thus, this allegation is denied.

45. Paragraph 45 of the Plaintiff's Complaint is denied.

## COUNT III

### (Intentional Interference with Contractual or Business Relations)

46. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 45 above, as through fully incorporated herein.

47. Paragraph 47 of the Plaintiff's Complaint is admitted in that Defendants Greenshields and Associated Sourcing are parties to an October 30, 2006 Non-Disclosure Agreement but is otherwise denied.

48. Paragraph 48 of the Plaintiff's Complaint is denied.

49. Paragraph 49 of the Plaintiff's Complaint is denied.

50. Paragraph 50 of the Plaintiff's Complaint is denied.

## RELIEF

51. The Defendants contest the injuries and damages alleged in Plaintiff's Complaint and therefore demand strict proof of any alleged injury or damage.

Without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiff, Defendant asserts the following additional defenses:

## ADDITIONAL DEFENSES

### First Defense

Defendants deny each and every material allegation in Plaintiff's Complaint to the extent not admitted above, and demand strict proof thereof.

### Second Defense

Defendants generally deny that they acted negligently, improperly, recklessly, wantonly, or otherwise wrongfully.

### Third Defense

Plaintiff has failed to state a claim upon which it may recover.

### Fourth Defense

Defendants plead the general issue.

### Fifth Defense

Defendants state that they are not indebted or liable to Plaintiff in any manner or amount whatsoever.

### Sixth Defense

Defendants deny that a preliminary injunction is an appropriate remedy in this action.

### Seventh Defense

Defendants deny that a permanent injunction is an appropriate remedy in this action.

### Eighth Defense

Defendants deny that Plaintiff is entitled to any writing, document, recording, and/or electronic data obtained from Plaintiff and in Defendants' control.

### Ninth Defense

Attorney's fees are not available to the Plaintiff in this action.

### Tenth Defense

Plaintiff's Complaint seeks to make the Defendants liable for punitive damages. Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

### Eleventh Defense

Any demand for punitive damages in this case is limited by the provisions of Act No. 358 of the 1999 Regular Session of the Alabama Legislature.

### Twelfth Defense

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decisions of *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Thirteenth Defense

Defendants assert the defenses of waiver, laches, and/or estoppel.

### Fourteenth Defense

Plaintiff's claims against Defendants may be barred, in whole or in part, by the applicable statute of limitation and/or by the applicable statute of repose.

### Fifteenth Defense

Plaintiff's claims against Defendants may be barred, in whole or in part, by the statute of frauds.

### Sixteenth Defense

Plaintiff's claims against Defendants may be barred, in whole or in part, by federal preemption.

### Seventeenth Defense

Defendants aver the defenses of acquiescence, license, and ratification.

### Eighteenth Defense

Defendants aver the affirmative defense of accord and satisfaction.

### Nineteenth Defense

Defendants aver the affirmative defense of failure of consideration.

### Twentieth Defense

Defendants aver the affirmative defense of fraud.

### Twenty-first Defense

Defendants aver the affirmative defense of illegality.

### Twenty-second Defense

Defendants aver the affirmative defense of lack of capacity to sue.

### Twenty-third Defense

Defendants aver the affirmative defense of misrepresentation.

### Twenty-fourth Defense

Defendants aver the affirmative defense of mitigation of damages.

### Twenty-fifth Defense

Defendants aver the affirmative defense of payment.

### Twenty-sixth Defense

Defendants aver the affirmative defense of unclean hands.

### Twenty-seventh Defense

Defendants aver the affirmative defense of unconscionability.

### Twenty-eighth Defense

Defendants aver the affirmative defense of willful concealment of facts.

### Twenty-ninth Defense

Defendants deny that venue in this forum is convenient, and assert that venue in another forum would be in the interests of justice and for the convenience of the parties and witnesses.

### Thirtieth Defense

Defendants aver that their conduct is privileged and justified as bona fide competition.

### Thirty-first Defense

At the time of the filing of this answer, discovery is not yet complete. Defendants reserve the right to amend this Answer to Counterclaim based on information learned in discovery, in keeping with applicable law and orders of the Court.

Respectfully submitted this 21st day of November, 2007.

_____
Charles A. Stewart III (STE067)
Quindal C. Evans (EVA040)
Attorneys for Mark W. Greenshields,
Associated Sourcing, and Associated Sourcing
Holdings, Inc.

Of Counsel
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7670
Facsimile: (334) 956-7870
E-mail:  cstewart@bradleyarant.com
        qevans@bradleyarant.com

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

Jeffery M. Grantham
J. Ethan McDaniel
Maynard Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 21st day of November, 2007.

_____
OF COUNSEL

1/1637915.2                                   11