IN THE DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MOVIE GALLERY US, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARK W. GREENSHIELDS, )<br>ASSOCIATED SOURCING, )<br>AND ASSOCIATED SOURCING )<br>HOLDINGS, INC. d/b/a VIDEO )<br>LIBRARY, )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO.:<br>1:07cv1032-MHT |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 26(f), and the Court's Order of November 28, 2007, docket no. 10, the following conferred on December 18, 2007:

Jeffery M. Grantham and J. Ethan McDaniel on behalf of plaintiff Movie Gallery U.S. LLC; and

Charles A. Stewart III, Quindal C. Evans and Philip E. Cutler on behalf of defendants Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holdings, Inc.

**1.     Pre-Discovery Disclosures.** The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) on or before January 9, 2008.

**2.     Discovery Plan.** The parties jointly propose to the court the following discovery plan:

**A.     In General.**

(1)     Plaintiff expects to conduct discovery on the facts and circumstances of this case, including but not limited to the following:

(a) Defendants' use of the VIDEO LIBRARY mark.

(b) Defendants' application to register the VIDEO LIBRARY mark with the United States Patent and Trademark Office.

(c) Defendants' solicitation of Plaintiff's customers.

(d) Likelihood of confusion generated by Defendants' use of the VIDEO LIBRARY mark

(e) Defendants' knowledge of and interference with Plaintiff's contractual and business relations.

(f) Circumstances regarding the hiring of Jared Smith.

(g) Jared Smith's employment by Defendants.

(h) Jared Smith's disclosure of Movie Gallery's confidential information/trade secrets to Defendants.

(i) Defendants' possession of Plaintiff's confidential or proprietary information.

(j) Any use or disclosure of Plaintiff's confidential and proprietary information by Defendants.

(k) Claims of damages

(2)     Defendants expect to conduct discovery on the facts and circumstances of this case, the allegations made in plaintiff's complaint and amended complaint and the defenses and affirmative defenses asserted by defendants, and other pertinent matters, including but not limited to the following:

(a) The parties' negotiations concerning the form and content of the "Confidentiality Agreement" referenced in the complaint and the terms of such Agreement.

REPORT OF PARTIES' RULE 26(f) PLANNING MTG – PAGE 2

Cause No. 1:07cv1032-MHT

(b) The parties' negotiations concerning the proposed acquisition by Greenshields or his designee of a portion of plaintiff's business and the documents and information provided by plaintiff in furtherance thereof.

(c) Issues and matters related to plaintiff's claims for violation of various states' "trade secrets" acts, federal and state statutory provisions related to unfair competition and/or "deceptive practices", and federal and state statutory provisions related to trademark and tradename infringement.

(d) Issues and matters related to plaintiff's claims concerning persons previously employed by plaintiff who are now, or may in the future be, employed by defendants and/or plaintiff's claims which are predicated on rights derived from another person who previously employed such person(s).

(e) Plaintiff's claims for damages and other monetary relief.

(f) Plaintiff's claims for preliminary and permanent injunctive and other non-monetary relief.

(g) Discovery subjects and/or topics identified by plaintiff herein, or pursued by plaintiff during the course of discovery in this case.

**B.   E-Discovery.** Disclosure or discovery of electronically stored information should be handled as follows:

(1) Preservation and production of electronically-stored and hard copy information: the parties have agreed that, when possible, electronically stored documents that are text-searchable in their native form will be produced in searchable .tiff images with appropriate Bates-stamped numbers and confidentiality designations.

(2) The parties have further agreed in principle that no electronic mail or electronic mail documentation will be searched or produced unless good cause for the production can be shown, and further subject to the producing party's claim of undue burden or cost. The parties will meet and confer as to good cause on this issue. The parties agree, without limiting further instances of good cause, that good cause to search and produce electronic mail exists when electronic mail is reasonably likely to reveal the authorship, receipt, timing, meaning or context of specific key documents or events that the receiving party identifies as material to a fact

or issue in dispute, and such information is not readily and economically available through other forms of discovery.

(3) The parties have agreed that no metadata (as used herein to refer to electronically stored information about the document that does not appear on the face of the original document if emailed or printed), audio or video information will be searched or produced without good cause and further subject to the producing party's claim of undue burden or cost. The parties agree that good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the date, author, or recipient of specific key documents that the party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.

(4) The parties have agreed in principle that materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B) and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval. The parties have further agreed that archives stored on computer servers, external hard drives, notebooks, or personal computer hard drives that are created for disaster recovery purposes and not used as reference materials in the ordinary course of a party's business operations need not be searched or produced absent good cause, and further subject to the producing party's claim of undue burden or cost. The parties agree that good cause to search and produce such archives exists when the documents contained in the archives are reasonably likely to contain responsive documents that are unique, or otherwise not duplicative of documents found in those non-archived files that the producing party has otherwise searched for production.

C.   **Inadvertent Production of Privileged or Protected Materials.**
The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after the production of privileged documents inadvertently produced as follows:

As soon as practicable after a claim of privilege or protection as trial-preparation material arises or is identified after production, the party claiming such privilege or protection will notify the opposing party in writing, including identification of the claimed document(s) by Bates-stamp number, if any, the basis for such claim of privilege or protection, and all other information required for a privilege log under the applicable Rules, without waiving such privilege or protection. If the parties agree as to the privilege or protection, the non-disclosing party shall immediately return all copies (electronic and paper) to the producing party or otherwise

agree and certify as to its destruction. If the parties do not agree as to the claim of privilege, the claimed documents shall be segregated from all other materials and within thirty (30) days of the communicated claim of privilege, will be filed under seal with a motion for in camera review. The failure to so move within the agreed-time shall constitute agreement to the claim of privilege or protection.

**D.   Discovery Cut-Off, Number of Interrogatories, Requests for Production, Requests for Admission, Depositions and Length of Depositions; Date for Production of Expert Reports; Supplementation.**

(a) All discovery to be commenced in time to be completed by July 7, 2008.

(b) Unless otherwise agreed by the parties or by order of the Court, maximum of 30 interrogatories by each party to each other party. Responses due 30 days after service.

(c) Unless otherwise agreed by the parties or by order of the Court, maximum of 30 requests for admission by each party to each other party. Responses due 30 days after service.

(d) Unless otherwise agreed by the parties or by order of the Court, maximum of 30 requests for production of documents by each party to each other party. Responses due 30 days after service.

(e) Unless otherwise agreed by the parties or by order of the Court, maximum of 10 depositions by Plaintiff and 10 by Defendants. Depositions limited to eight hours (standard business day).

(f) Unless otherwise agreed by the parties or by order of the Court, Reports from retained experts under Rule 26(a)(2) are due as follows:

    from Plaintiff by April 30, 2008; and
    from Defendants by May 30, 2008 [30 days later].

(g) Supplementation under Rule 26(e) due reasonably upon knowledge of additional information.

3.  **Other Items.**

    A.  **Amendment of the Pleadings.**

    (1) Plaintiff should be allowed until Monday, February 4, 2008 [60 days from 11/28/07 scheduling order] to seek leave to join additional parties and/or to amend the pleadings.

    (2) Defendants should be allowed until Wednesday, March 5, 2008 [30 days later] to seek leave to join additional parties and/or to amend the pleadings.

    B.  **Dispositive Motions.** All potentially dispositive motions should be filed on or before May 12, 2008 [90 days before final pretrial conference].

    C.  **Settlement.** Settlement cannot be realistically evaluated prior to the completion of preliminary discovery.

    D.  **Final Pretrial conference.** The parties request a final pretrial conference on August 8, 2008 [4 weeks before set trial date].

    E.  **Trial Evidence.** The parties' proposed trial evidence under Rule 26(a)(3), both witnesses and exhibits (and initial deposition designations), should be due on or before August 5, 2008 [35 days before set trial date]. Responsive deposition designations should be due one week after original designations; rebuttal designations should be due 3 days thereafter.

    F.  **Rule 26(a)(3) Objections and Motions in Limine.** Objections under Rule 26(a)(3) and motions in limine should be due by August 25, 2008 [14 days prior to trial].

    G.  **Trial.** For the convenience of the Court, the parties and anticipated witnesses, the parties request that the Court schedule this action for a bench trial in Montgomery AL during the Court's September 8, 2008 trial term. At this time the parties expect trial to take approximately four (4) days.

Respectfully submitted this 19th day of December, 2007.

                                s/ J. Ethan McDaniel
Jeffrey M. Grantham (GRA048)
M. Lee Huffaker (HUF011)
J. Ethan McDaniel (MCD065)
Attorneys for plaintiff Movie Gallery U.S. LLC

Maynard Cooper & Gale, P.C.
2400 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203
Telephone:    205-254-1000
Facsimile:    205-254-1999
Email: emcdaniel@maynardcooper.com
        jgrantham@mcglaw.com
        lhuffaker@mcglaw.com

                                s/ Charles A. Stewart III
Charles A. Stewart III (STE067)
Quindal C. Evans (EVA040)
Attorneys for Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holdings, Inc.

Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone:    334-956-7670
Facsimile:    334-956-7870
E-mail: cstewart@bradleyarant.com
        qevans@bradleyarant.com

<u>Of Counsel for Defendants</u>
Philip E. Cutler (WSBA #5084), admitted *pro hac vice*
Robert G. Nylander (WSBA #17264), admitted *pro hac vice*
Cutler Nylander & Hayton PS
1191 Second Avenue, Suite 1650
Seattle, WA 98101
Telephone:    206-340-4600
Facsimile:    206-340-4646
Email: philcutler@cnhlaw.com
       rgnylander@cnhlaw.com

REPORT OF PARTIES' RULE 26(f) PLANNING MTG – PAGE 7

Cause No. 1:07cv1032-MHT

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys for plaintiff:

>Jeffery M. Grantham
>M. Lee Huffaker
>J. Ethan McDaniel
>Maynard Cooper & Gale, P.C.
>2400 AmSouth/Harbert Plaza
>1901 6th Avenue North
>Birmingham, AL 35203

>Respectfully submitted,

>s/ Charles A. Stewart III
>_____
>Charles A. Stewart III (STE067)