IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MOVIE GALLERY US, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK W. GREENSHIELDS, | ) | CIVIL ACTION NO.: |
| ASSOCIATED SOURCING, AND | ) | 2:07-cv-01032-MHT-WC |
| ASSOCIATED SOURCING | ) | |
| HOLDINGS, INC. d/b/a VIDEO | ) | |
| LIBRARY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER OF MARK W. GREENSHIELDS,
ASSOCIATED SOURCING, AND ASSOCIATED SOURCING
HOLDINGS, INC. TO PLAINTIFF'S AMENDED COMPLAINT**

Comes now Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holdings, Inc. and, collectively, as answer to the Amended Complaint in the above-styled case, say as follows:

### INTRODUCTION

1. Paragraph 1 of the Plaintiff's Amended Complaint is denied.

### PARTIES AND JURISDICTION

2. Paragraph 2 of the Plaintiff's Amended Complaint is admitted.

3. Paragraph 3 of the Plaintiff's Amended Complaint is admitted.

4. Paragraph 4 of the Plaintiff's Amended Complaint is admitted.

5. Paragraph 5 of the Plaintiff's Amended Complaint is admitted to the extent that Associated Holdings is a Washington corporation, but Defendants deny that Associated Sourcing Holdings does business as "Video Library".

6. Paragraph 6 of the Plaintiff's Amended Complaint is admitted.

7. Paragraph 7 of the Plaintiff's Amended Complaint is admitted.

8. Paragraph 8 of the Plaintiff's Amended Complaint is admitted.

9. Paragraph 9 of the Plaintiff's Amended Complaint is admitted as to Counts I, II, III: Interference with Contractual or Business Relations, IV, V, and VI. Paragraph 9 of Plaintiff's Amended Complaint is denied to the extent that it asserts proper venue over Count III: Interference with Movie Gallery's Contractual Relationship with Jared Smith.

## FACTUAL BACKGROUND

10. Paragraph 10 of the Plaintiff's Amended Complaint is admitted.

11. The first sentence of paragraph 11 is admitted to the extent that Defendants admit that (a) Plaintiff has operated a movie-racking business and has referred to that business as "Video Library" and (b) prior to Plaintiff's operation of a "video library" business, Video Library, Inc., a Montana corporation, operated such a business, which that company also referred to as "Video Library." All other allegations of the first sentence of paragraph 11 are denied. Defendants admit the balance of paragraph 11.

12. Paragraph 12 of the Plaintiff's Amended Complaint is admitted to the extent that Defendant Greenshields entered into negotiations with Movie Gallery, but it is denied that Associated Sourcing entered into the alleged negotiations.

13. Paragraph 13 of the Plaintiff's Amended Complaint is admitted in part and otherwise denied. The first sentence of paragraph 13 is admitted. The Defendants are without

information or knowledge sufficient to admit or deny the remaining material allegations of paragraph 13, and furthermore, the document to which Plaintiff refers speaks for itself. The remainder of paragraph 13 is, therefore, denied.

14.  Paragraph 14 of the Plaintiff's Amended Complaint is admitted to the extent that during the course of the negotiations with Plaintiff, Plaintiff provided certain documents and information. The remainder of paragraph 14, including but not limited to the contents and types of documents disclosed, is denied.

15.  Paragraph 15 of the Plaintiff's Amended Complaint is admitted to the extent that, on information and belief, the Plaintiff's Board of Directors did not approve of the sale of the Video Library business, and this paragraph is otherwise denied.

16.  Paragraph 16 of the Plaintiff's Amended Complaint is denied.

17.  Paragraph 17 of the Plaintiff's Amended Complaint is admitted to the extent that Defendant Associated Sourcing Holdings Inc. has rented warehouse space formerly used by Plaintiff and to the extent that Defendant Greenshields did apply for federal registration of the "Video Library" mark through the United States Patent and Trademark Office ("USPTO"), but Defendants deny the asserted purpose for this registration. The remainder of Paragraph 17 is denied.

18.  Paragraph 18 of the Plaintiff's Amended Complaint is admitted to the extent that three former Movie Gallery employees are now employed by Associated Sourcing Holdings, Inc. This paragraph is otherwise denied.

19.  Paragraph 19 of the Plaintiff's Amended Complaint is admitted to the extent that Greenshields received a letter from Movie Gallery on July 30, 2007, but because this document speaks for itself, the remainder of the paragraph is denied.

20. Paragraph 20 of the Plaintiff's Amended Complaint is denied.

## COUNT I

### (Breach of Contract and Injunctive Relief)

21. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 20 above, as through fully incorporated herein.

### Breach of Contract

22. Paragraph 22 of the Plaintiff's Amended Complaint is admitted in that Defendant Greenshields and his sole proprietorship, Defendant Associated Sourcing, are parties to an October 30, 2006 Non-Disclosure Agreement but is otherwise denied.

23. Paragraph 23 of the Plaintiff's Amended Complaint is denied in that the document speaks for itself.

24. Paragraph 24 of the Plaintiff's Amended Complaint is admitted to the extent that during the course of the negotiations with Plaintiff, Plaintiff provided certain documents and information. The remainder of paragraph 24, including but not limited to the contents and types of documents disclosed, is denied.

25. Paragraph 25 of the Plaintiff's Amended Complaint is admitted to the extent that the Plaintiff's Board of Directors did not approve of the sale of the Video Library business, and this paragraph is otherwise denied.

26. Paragraph 26 of the Plaintiff's Amended Complaint is denied.

27. Paragraph 27 of the Plaintiff's Amended Complaint is denied.

### Injunctive Relief

28. Paragraph 28 of the Plaintiff's Amended Complaint is denied in that the document speaks for itself.

29. Paragraph 29 of the Plaintiff's Amended Complaint is denied.

30. Paragraph 30 of the Plaintiff's Amended Complaint is denied.

31. Paragraph 31 of the Plaintiff's Amended Complaint is denied.

32. Defendants are without information of knowledge sufficient to know whether Plaintiff is willing and able to post a reasonable security, and this portion of paragraph 32 is, therefore, denied. To the extent that this paragraph makes an allegation regarding the terms of the parties' prior agreements, the document speaks for itself, and thus, the allegation is denied.

33. Paragraph 33 of the Plaintiff's Amended Complaint is denied.

## COUNT II

### (Violation of Alabama Trade Secrets Act)

34. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 33 above, as through fully incorporated herein.

35. Paragraph 35 of the Plaintiff's Amended Complaint is denied.

36. Defendants are without information and knowledge sufficient to answer paragraph 36 of the Plaintiff's Amended Complaint and it is, therefore, denied.

37. Paragraph 37 of the Plaintiff's Amended Complaint is denied.

38. To the extent that paragraph 38 of the Plaintiff's Amended Complaint assumes the truth of paragraph 38, it is denied. Defendants are otherwise without information and knowledge sufficient to answer paragraph 38 of the Plaintiff's Amended Complaint, and it is, therefore, denied.

39. Paragraph 39 of the Plaintiff's Amended Complaint is denied.

40. Paragraph 40 of the Plaintiff's Amended Complaint is denied.

41. Paragraph 41 of the Plaintiff's Amended Complaint is denied.

42. Paragraph 42 of the Plaintiff's Amended Complaint calls for a legal conclusion and is therefore denied. To the extent that this paragraph alleges or assumes that the Defendants have violated any state statutes, it is denied.

43. Paragraph 43 of the Plaintiff's Amended Complaint is denied.

44. Paragraph 44 of the Plaintiff's Amended Complaint is denied in that the document speaks for itself.

45. Paragraph 45 of the Plaintiff's Amended Complaint is denied.

46. Defendants are without information of knowledge sufficient to know whether Plaintiff is willing and able to post a reasonable security, and this portion paragraph 46 is, therefore, denied. To the extent that this Paragraph makes an allegation regarding the terms of the parties' prior agreements, the document speaks for itself, and thus, this allegation is denied.

47. Paragraph 47 of the Plaintiff's Amended Complaint is denied.

## COUNT III

**(Intentional Interference with Contractual or Business Relations)**

48. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 47 above, as through fully incorporated herein.

**Interference with Movie Gallery's Contractual or Business Relations with Movie Gallery's customers.**

49. Paragraph 49 of the Plaintiff's Amended Complaint is admitted in that Defendant Greenshields and his sole proprietorship, Defendant Associated Sourcing, are parties to an October 30, 2006 Non-Disclosure Agreement but is otherwise denied.

50. Paragraph 50 of the Plaintiff's Amended Complaint is denied.

51. Paragraph 51 of the Plaintiff's Amended Complaint is denied.

52. Paragraph 52 of the Plaintiff's Amended Complaint is denied.

53.   Paragraph 53 of the Plaintiff's Amended Complaint is denied.

**Interference with Movie Gallery's Contractual Relationship with Jared Smith**

54.   Paragraph 54 of the Plaintiff's Amended Complaint is denied in that the document speaks for itself.

55.   Defendants are without sufficient information to admit or deny the allegation in the first sentence of paragraph 55 that Movie Gallery acquired the stock of Video Library, Inc., and this allegation is, therefore, denied. The remainder of paragraph 55 of the Plaintiff's Amended Complaint is denied in that the document speaks for itself.

56.   Paragraph 56 of the Plaintiff's Amended Complaint is admitted to the extent that Jared Smith has been employed by both Movie Gallery and by Associated Sourcing Holdings, Inc. The remainder of paragraph 56 is denied.

57.   Paragraph 57 of the Plaintiff's Amended Complaint is denied.

58.   Paragraph 58 of the Plaintiff's Amended Complaint is denied.

59.   Paragraph 59 of the Plaintiff's Amended Complaint is denied.

60.   Paragraph 60 of the Plaintiff's Amended Complaint is denied.

### COUNT IV

**(Lanham Act/Federal Unfair Competition)**

61.   Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 60 above, as through fully incorporated herein.

62.   Paragraph 62 of the Plaintiff's Amended Complaint is denied.

63.   Paragraph 63 of the Plaintiff's Amended Complaint is denied.

64.   Paragraph 64 of the Plaintiff's Amended Complaint is admitted to the extent that Defendant Associated Sourcing Holdings Inc. has rented warehouse space formerly used by

Plaintiff and to the extent that Defendant Greenshields did apply for federal registration of the "Video Library" mark through the USPTO and for registration with the state of Washington. However, any allegations concerning what Defendant Greenshields may or may not have admitted in his USPTO application is denied in that the document speaks for itself.

65. Paragraph 65 of the Plaintiff's Amended Complaint is denied.

66. Paragraph 66 of the Plaintiff's Amended Complaint is denied.

67. Paragraph 67 of the Plaintiff's Amended Complaint is denied.

68. Paragraph 68 of the Plaintiff's Amended Complaint is denied.

## COUNT V

### (Violation of State Deceptive Trade Practices Act)

69. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 68 above, as through fully incorporated herein.

70. Paragraph 70 of the Plaintiff's Amended Complaint is denied.

71. Paragraph 71 of the Plaintiff's Amended Complaint is denied.

72. Paragraph 72 of the Plaintiff's Amended Complaint is denied.

## COUNT VI

### (Common-law Trade Name Infringement and Unfair Competition)

73. Defendants incorporate by reference each and every allegation, response, and defense set forth in paragraphs 1 through 72 above, as through fully incorporated herein.

74. Paragraph 74 of the Plaintiff's Amended Complaint is denied.

75. Paragraph 75 of the Plaintiff's Amended Complaint is denied.

76. Paragraph 76 of the Plaintiff's Amended Complaint is denied.

77. Paragraph 77 of the Plaintiff's Amended Complaint is denied.

78. Paragraph 78 of the Plaintiff's Amended Complaint is denied.

79. Paragraph 79 of the Plaintiff's Amended Complaint is denied.

80. Paragraph 80 of the Plaintiff's Amended Complaint is denied.

## RELIEF

81. The Defendants contest the injuries and damages alleged in Plaintiff's Amended Complaint and therefore demand strict proof of any alleged injury or damage.

Without assuming any burden of pleading, proof or persuasion otherwise resting on Plaintiff, Defendant asserts the following additional defenses:

## ADDITIONAL DEFENSES

### First Defense

Defendants deny each and every material allegation in Plaintiff's Amended Complaint to the extent not admitted above, and demand strict proof thereof.

### Second Defense

Defendants deny that this Court is the proper venue to assert Count III: Interference with Movie Gallery's Contractual Relationship with Jared Smith and assert that pursuant to the Agreement attached as Exhibit D to the Plaintiff's Amended Complaint, any claim under this agreement should be asserted in Billings, Montana.

### Third Defense

Defendants generally deny that they acted negligently, improperly, recklessly, wantonly, or otherwise wrongfully.

### Fourth Defense

Plaintiff has failed to state a claim upon which it may recover.

### Fifth Defense

Defendants plead the general issue.

### Sixth Defense

Defendants state that they are not indebted or liable to Plaintiff in any manner or amount whatsoever.

### Seventh Defense

Defendants deny that a preliminary injunction is an appropriate remedy in this action.

### Eighth Defense

Defendants deny that a permanent injunction is an appropriate remedy in this action.

### Ninth Defense

Defendants deny that Plaintiff is entitled to any writing, document, recording, and/or electronic data obtained from Plaintiff and in Defendants' control.

### Tenth Defense

Attorney's fees are not available to the Plaintiff in this action.

### Eleventh Defense

Plaintiff's Amended Complaint seeks to make the Defendants liable for punitive damages. Defendants adopt by reference the defenses, criteria, limitations, and standards mandated by the Supreme Court of the United States in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996).

### Twelfth Defense

Any demand for punitive damages in this case is limited by the provisions of Act No. 358 of the 1999 Regular Session of the Alabama Legislature.

### Thirteenth Defense

With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards and limitations regarding the determination and enforceability of punitive damage awards set forth by the United States Supreme Court in the decisions of *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003) and *Philip Morris USA v. Williams*, 127 S. Ct. 1057 (2007).

### Fourteenth Defense

Defendants assert the defenses of waiver, laches, and/or estoppel.

### Fifteenth Defense

Plaintiff's claims against Defendants may be barred, in whole or in part, by the applicable statute of limitation and/or by the applicable statute of repose.

### Sixteenth Defense

Plaintiff's claims against Defendants may be barred, in whole or in part, by the statute of frauds.

### Seventeenth Defense

Plaintiff's claims against Defendants may be barred, in whole or in part, by federal preemption.

### Eighteenth Defense

Defendants aver the defenses of acquiescence, license, and ratification.

### Nineteenth Defense

Defendants aver the affirmative defense of accord and satisfaction.

### Twentieth Defense

Defendants aver the affirmative defense of failure of consideration.

### Twenty-first Defense

Defendants aver the affirmative defense of fraud.

### Twenty-second Defense

Defendants aver the affirmative defense of illegality.

### Twenty-third Defense

Defendants aver the affirmative defense of lack of capacity to sue.

### Twenty-fourth Defense

Defendants aver the affirmative defense of misrepresentation.

### Twenty-fifth Defense

Defendants aver the affirmative defense of mitigation of damages.

### Twenty-sixth Defense

Defendants aver the affirmative defense of payment.

### Twenty-seventh Defense

Defendants aver the affirmative defense of unclean hands.

### Twenty-eighth Defense

Defendants aver the affirmative defense of unconscionability.

### Twenty-ninth Defense

Defendants aver the affirmative defense of willful concealment of facts.

### Thirtieth Defense

Any agreement between Movie Gallery and Jared Smith is governed by Montana law.

### Thirty-first Defense

Any agreement between Movie Gallery and Jared Smith is an unreasonable restraint of trade and, as such, is void and unenforceable.

### Thirty-second Defense

Defendants deny that venue in this forum is convenient, and assert that venue in another forum would be in the interests of justice and for the convenience of the parties and witnesses.

### Thirty-third Defense

Defendants aver that their conduct is privileged and justified as bona fide competition.

### Thirty-fourth Defense

Plaintiff's alleged trademark is not distinctive and is merely descriptive and has no secondary meaning, and is therefore not protectable or enforceable as a trademark under Federal or State law.

### Thirty-fifth Defense

Defendant has not intentionally infringed any valid trademark owned by Plaintiff.

### Thirty-sixth Defense

Even if protectable, the VIDEO LIBRARY mark is so diluted due to third party use that it is entitled to only the most narrow scope of protection.

### Thirty-seventh Defense

The VIDEO LIBRARY mark is not famous as that term is defined in 15 U.S.C. § 1125(c)(1).

### Thirty-eighth Defense

At the time of the filing of this answer, discovery is not yet complete. Defendants reserve the right to amend this Answer to Counterclaim based on information learned in discovery, in keeping with applicable law and orders of the Court.

### Thirty-ninth Defense

The business activities of Defendants are specifically permitted and allowed under paragraph 4 of the Confidentiality Agreement, "Other Business Activities."

Respectfully submitted this 7th day of January, 2008.

                                              s/ Charles A. Stewart III
                                              Charles A. Stewart III (STE067)
                                              Quindal C. Evans (EVA040)
                                              Bradley Arant Rose & White LLP
                                              The Alabama Center for Commerce
                                              401 Adams Avenue, Suite 780
                                              Montgomery, AL 36104
                                              Telephone: (334) 956-7700
                                              Facsimile: (334) 956-7701
                                              E-mail:  cstewart@bradleyarant.com
                                                           qevans@bradleyarant.com

                                              **Attorneys for Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holding, Inc.**

Of Counsel
John Goodman (GOO017)
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
E-mail:  jgoodman@bradleyarant.com

Philip E. Cutler (WSBA 5084)
Robert G. Nylander (WSBA 17264)
Cutler Nylander & Hayton, P.S.
1191 Second Avenue
Seattle, Washington 98122
Telephone: (206) 340-4600
Facsimile: (206) 340-4646
E-mail:  philcutler@cnhlaw.com
          rgnylander@cnhlaw.com

## CERTIFICATE OF SERVICE

  I hereby certify that on January 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jeffery M. Grantham
>J. Ethan McDaniel
>Maynard Cooper & Gale, P.C.
>1901 Sixth Avenue North
>2400 Regions/Harbert Plaza
>Birmingham, AL 35203-2618

and I hereby certify that I have also mailed by United States Postal Service the document to the following attorneys: None.

>Respectfully submitted,
>
>s/ Charles A. Stewart III
>Of Counsel