IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOVIE GALLERY US, LLC, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. 1:07CV1032-MHT |
| MARK W. GREENSHIELDS, ASSOCIATED SOURCING, and ASSOCIATED SOURCING HOLDINGS, INC. d/b/a VIDEO LIBRARY | ) ) ) ) ) |
| Defendants. | |

## PLAINTIFF'S MOTION TO CONTINUE

COMES NOW Plaintiff Movie Gallery US, LLC ("Movie Gallery") and respectfully urges this Court to continue the Evidentiary Hearing regarding Movie Gallery's Motion for Preliminary Injunction ("Evidentiary Hearing"), which is currently set for February 5, 2008. In support, Movie Gallery states as follows:

1. Pursuant to this Court's Order of December 11, 2007, which granted Defendants' Unopposed Motion to Continue based on Defendants' scheduling conflicts, the Evidentiary Hearing is currently set for February 5, 2008. (Pacer Doc. 18.) Further, Plaintiff's Brief in support of its Motion for Preliminary Injunction ("Brief") is due on January 15, 2008. Defendants' response is due on January 29, 2008.

2. Plaintiff respectfully requests that this Court reset the Evidentiary Hearing for March 5, 2008. Accordingly, after applying the same increments of time from the Court's briefing schedule contained in its December 11, 2007 Order, Plaintiff's Brief will be due on February 13, 2008, and Defendants' brief will be due on February 27, 2008. Alternatively, Plaintiff respectfully requests this Court to set the Evidentiary Hearing for a date in excess of 30

1

days from the date of this Motion, with Plaintiff's Brief due 21 days from that date, and Defendants' response due 7 days from that date.

3. Plaintiff requests this continuance so that all currently contemplated, limited discovery can be completed prior to the submission of its Brief. As the schedule currently stands, Plaintiff will be forced to submit its Brief before receiving responses to either its First Set of Interrogatories or its First Requests for Production of Documents or taking the Defendants' depositions. The completion of such minimal discovery will allow Plaintiff to submit with its Brief a more complete evidentiary record, which certainly benefits this Court in its deliberation of the instant matter and preserves judicial economy.

4. Plaintiff issued its discovery requests at the earliest practicable date. Prior to the Parties' Rule 26(f) Planning meeting, Plaintiff learned of new information warranting the amendment of its Complaint. Specifically, on or around December 10, 2007, Plaintiff learned of a Non-Solicitation & Confidentiality Agreement entered into between Jared Smith, an employee of Defendants, and a predecessor in interest of Plaintiff's Video Library racking business. *See* Plaintiff's Motion for Leave to Amend Complaint ¶ 3 (Pacer Doc. 20.) Further, Plaintiff learned that Defendants have openly and wrongfully solicited Plaintiff's customers in the states of Montana, Washington, Oregon, North Dakota, Iowa and Alaska. *Id.* Accordingly, after this Court granted Plaintiff's Motion for Leave to Amend Complaint on December 18, 2007 (Pacer Doc. 21), Plaintiff filed its Amended Complaint, which reflected allegations stemming from Plaintiff's newly-discovered information, on that same day. Plaintiff propounded its First Set of Interrogatories and its First Requests for Production of Documents three days later, on December 21, 2007. Accordingly, under the Federal Rules of Civil Procedure, Defendants' responses to

Plaintiff's discovery requests are not due until January 21, 2008, six days after Plaintiff's Brief is due.

5. Further, on January 3, 2008, Plaintiff noticed the depositions of Defendants, along with Jared Smith, a non-party who is subject to the aforementioned Non-Solicitation & Confidentiality Agreement recently discovered by Plaintiff. Pursuant to these notices, the parties are working toward an agreement to allow Plaintiff to depose Defendants on January 29, 2008 and January 30, 2008. Accordingly, even if these dates are finalized, Plaintiff will not have the opportunity to depose Defendants and Mr. Smith prior to the submission of its Brief.

6. The completion of such limited written discovery and depositions will allow Plaintiff to submit with its Brief a more complete evidentiary record, which certainly benefits this Court in its consideration of the issues presented and preserves judicial economy.

7. Defendants will not be prejudiced if this Court grants Plaintiff's request and resets the Evidentiary Hearing for a later day. In fact, as previously noted, this Court previously granted Defendants' Unopposed Motion for Continuance, which was based solely on Defendants' scheduling conflicts. *See* Defendants' Unopposed Motion to Continue (Pacer Doc. 17.) Specifically, these scheduling conflicts consisted of local counsel's DRI meeting in New York, NY on January 24 and 25, 2008; his law firm's retreat on January 25 and 26, 2008; and Defendant's lead counsel's deposition, which was scheduled for the entire week of January 21, 2008. *Id.*

WHEREFORE, premises considered, Plaintiff respectfully requests that this Court reset the Evidentiary Hearing for March 5, 2008. Accordingly, Plaintiff's Brief will be due on February 13, 2008, and Defendants' brief will be due on February 27, 2008. Alternatively, Plaintiff respectfully requests this Court to set the Evidentiary Hearing for a date in excess of 30

days from the date of this Motion, with Plaintiff's Brief due 21 days from that date, and Defendants' response due 7 days from that date.

DATE: January 7, 2008

/s J. Ethan McDaniel
Jeffrey M. Grantham, GRA048
M. Lee Huffaker, HUF011
J. Ethan McDaniel, MCD065
Attorneys for Plaintiff Movie Gallery

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Andrew Stewart, III
Quindal C. Evans
Bradley Arant Rose & White, LLP
PO Box 1469
Montgomery, AL 36102-1469

John Edward Goodman
One Federal Place
Bradley Arant Rose & White, LLP
1819 Fifth Ave North
Birmingham, AL 35203-2119

Philip E. Cutler
Robert G. Nylander
Cutler Nylander & Hayton, P.S.
1191 Second Avenue, Suite 1650
Seattle, WA 98101

/s J. Ethan McDaniel
OF COUNSEL

01587447.1