IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOVIE GALLERY US, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>MARK W. GREENSHIELDS,<br>ASSOCIATED SOURCING, AND<br>ASSOCIATED SOURCING<br>HOLDINGS, INC. d/b/a VIDEO<br>LIBRARY,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CIVIL ACTION NO.:
2:07-cv-01032-MHT-WC

### JOINT STATEMENT RE PROPOSED PROTECTIVE ORDER

The parties have negotiated the basic form of protective order. A copy of the form, so far as it has been agreed-upon, is attached.

The parties disagree as to only one issue: the scope of disclosure of documents and information designated "Highly Confidential". See paragraph 6 of the attached form.

**Plaintiff proposes** that "Highly Confidential" information and documents should be permitted to be disclosed to two party-affiliated persons of the parties' choosing (in addition to the parties' attorneys and experts), and proposes that two new subparagraphs [(d) and (e)] be added to paragraph 6 of the Protective Order (see page 5 of the attached), so that paragraph concludes as follows:

　　　(d)　　*Two (2) employees of Associated Sourcing Holdings, Inc. of its*

*own choosing. Before any such employees receive or view Highly Confidential Information, the receiving party must indicate to the designating party which two employees have been selected to review Highly Confidential Information. Only these two employees may have access, pursuant to this sub-paragraph, to any and all subsequent information produced that is designated as Highly Confidential. No such employees shall have access to Highly Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto).*

*(e)     Two (2) employees of Movie Gallery of its own choosing. Before any such employees receive or view Highly Confidential Information, the receiving party must indicate to the designating party which two employees have been selected to review Highly Confidential Information. Only these two employees may have access, pursuant to this sub-paragraph, to any and all subsequent information produced that is designated as Highly Confidential. No such employees shall have access to Highly Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto).*

**Defendants propose** that "Highly Confidential" information and documents should be disclosed only to the parties' attorneys and experts, as the attached form provides.

The parties have agreed that they will each submit a brief, not to exceed five (5) pages, outlining their reasons for their position, no later than March 13, 2008 and that the Court should decide the issue promptly on the basis of the briefs submitted. Based on the Court's ruling, the parties will promptly submit the Protective Order in the form approved by the Court for entry.

Respectfully submitted this 6th day of March, 2008.

*s/J. Ethan McDaniel*
J. Ethan McDaniel (MCD065)
Jeffrey M. Grantham (GRA048)
Maynard Cooper & Gale PC
1901 Sixth Avenue N.
2400 Regions Harbert Plaza
Birmingham AL 35203-2618
Telephone: (205) 254-1000
Facsimile: (205) 254-1999
E-mail:  emcdaniel@maynardcooper.com
        jgrantham@mcglaw.com
**Attorneys for Plaintiff Movie Gallery US
LLC**


*s/Philip E. Cutler*
Philip E. Cutler (WSBA 5084)
Robert G. Nylander (WSBA 17264)
Cutler Nylander & Hayton, P.S.
1191 Second Avenue
Seattle, Washington 98122
Telephone: (206) 340-4600
Facsimile: (206) 340-4646
E-mail:  philcutler@cnhlaw.com
        rgnylander@cnhlaw.com

**Attorneys for Defendants Mark W.
Greenshields, Associated Sourcing, and
Associated Sourcing Holding, Inc.**

<u>Of Counsel for Defendants</u>
Charles A. Stewart III (STE067)
Quindal C. Evans (EVA040)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail:  cstewart@bradleyarant.com
           qevans@bradleyarant.com

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on March 6, 2008 I electronically filed the foregoing (and the attached form of proposed protective order) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

          Jeffery M. Grantham
          J. Ethan McDaniel
          Maynard Cooper & Gale, P.C.
          1901 Sixth Avenue North
          2400 Regions/Harbert Plaza
          Birmingham, AL 35203-2618

and I hereby certify that I have also mailed by United States Postal Service the document to the following attorneys:  None.

                                 Respectfully submitted,

                                 ***s/ Philip E. Cutler***
                                 Of Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **MOVIE GALLERY US, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL ACTION NO. 1:07CV1032-MHT** |
| **MARK W. GREENSHIELDS,** | ) | |
| **ASSOCIATED SOURCING, and** | ) | |
| **ASSOCIATED SOURCING HOLDINGS,** | ) | |
| **INC. d/b/a VIDEO LIBRARY** | ) | |
| | ) | |
| **Defendants.** | | |

DRAFT

## STIPULATION AND PROTECTIVE ORDER

WHEREAS the Plaintiff to this action, Movie Gallery US, LLC ("Plaintiff") and the Defendants, Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holdings, Inc. (collectively "Defendants"), possess confidential information which may be disclosed in providing initial disclosures, responding to discovery requests or otherwise in this action and which must be protected in order to preserve the legitimate business interests of the parties, and

WHEREAS Plaintiff and Defendants have, through counsel, stipulated to the entry of this Protective Order to prevent unnecessary dissemination or disclosure of such confidential information, and

WHEREAS the parties have established good cause for entry of this Protective Order,

IT IS HEREBY ORDERED that:

01584180.2

1.    <u>Definitions</u>

(a)    The term "Confidential Information" includes all (i) information of a proprietary business or technical nature that might be of value to an actual or potential competitor of the designating party, and (ii) personal information of the designating party or its employees, officers, directors or clients, which the designating party reasonably believes, in good faith, should be protected from disclosure.

(b)    The term "Highly Confidential Information" shall mean information that the designating party believes, in good faith, the disclosure of which may cause harm to the competitive position of the designating party.   Examples of such information may include without limitation:

1)    Current and future business plans, including unpublished financial data and pricing information
2)    Private product development, manufacturing, and pricing information (for new, old, suspended and abandoned projects)
3)    New business development (for new and old projects)
4)    Trade secrets
5)    Competitor market analysis
6)    Customer lists
7)    Agreements with sales representatives
8)    Business relationships with third parties
9)    Manufacturing processes
10)   Computer software, programs, and source code, existing in any medium

(c)    The term "Protected Information" shall mean and include without limitation, (i) all information and documents produced in this action by the parties to this action, and by non-parties, during formal discovery or otherwise, including without limitation information and documents produced by non-parties which the producing or designating party is under an obligation to maintain in confidence; (ii) answers to interrogatories and responses to requests for admission or other discovery requests; (iii) deposition, hearing or trial transcripts; and (iv) tangible things or objects.  The information contained therein and all copies, abstracts,

01584180.2

excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such information shall also be deemed Protected Information. Information and documents originally qualified as Protected Information shall not retain that status after any ruling by the Court denying such status to it.

        (d)    The term "designating party" means the party producing Protected Information or designating documents or information as "Confidential" or "Highly Confidential" under this Protective Order.

        (e)    The term "receiving party" shall mean the party to whom Protected Information is produced or disclosed, including without limitation such documents or information designated as "Confidential" or "Highly Confidential."

        (f)    Notwithstanding anything to the contrary herein, the description Protected Information shall apply to all that information produced by the designating party absent an order of the Court or subsequent written agreement of the designating party providing otherwise.

### Designation of Confidential or Highly Confidential Information

    2.    Each designating party who produces or discloses any material that it believes contains or comprises Confidential or Highly Confidential Information shall designate the same by marking "CONFIDENTIAL" on any document containing Confidential Information and by marking "HIGHLY CONFIDENTIAL" on any document containing Highly Confidential Information. With respect to source code, object code, computer software, and/or computer programs, by marking the disk, cartridge, CD, or other medium on which such information is contained "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the designating party thereby designates all information contained on such disk, cartridge, CD, or other medium as such, including but not limited to any and all documents printed out from such disk, cartridge, CD, or

3

other medium. When documents or things are produced for inspection, the documents or things may be collectively designated as containing Confidential Information or Highly Confidential Information for purposes of the inspection, by letter or otherwise, without marking each document or thing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and such documents or things will be treated as such under this Protective Order.

3.      The parties recognize that, during the course of this litigation, Confidential or Highly Confidential Information that originated with a non-party and for which there exists an obligation of confidentiality may be produced. Such information may be designated as such under this Protective Order by the producing non-party, by Plaintiff, and/or by Defendants.

4.      In the event any designating party discovers, after it has produced information, that it has inadvertently produced Confidential or Highly Confidential Information that has not been correctly designated, the designating party may re-designate the information by a subsequent notice in writing specifically identifying the re-designated information, in which event the parties shall henceforth treat such information in accord with this Protective Order, and shall undertake reasonable efforts to correct any disclosure of such information contrary to the re-designation.

### Disclosure of Confidential and Highly Confidential Information

5.      Documents and information designated as Confidential Information may be disclosed only to the following:

(a)     The parties' counsel (including in-house counsel) and their legal, clerical, or support staff, including temporary or contract staff;

(b)     Expert witnesses or consultants who are employed or retained by a party in connection with this action, provided that counsel, in good faith, requires their assistance in

01584180.2

connection with this action, further provided that any report created by such expert or consultant relying on or incorporating Confidential Information in whole or in part shall be designated as Confidential Information, further provided that such expert or consultant complies with the procedure of Paragraph 15 herein;

(c)    Those persons described in Paragraph 17 herein;

(d)    The Court, Court personnel, and Official Court Reporters to the extent that Confidential Information is disclosed at a deposition or court session which such reporter is transcribing; and

(e)    Current employees of the parties to whom the disclosure of the Confidential Information is necessary for purposes of this litigation.

6.    Documents and information designated as "Highly Confidential Information" may be disclosed only to the following:

(a)    The parties' counsel (including in-house counsel) and their legal, clerical, or support staff, including temporary or contract staff; and

(b)    Expert witnesses or consultants who are employed or retained by a party in connection with this action, provided that counsel, in good faith, requires their assistance in connection with this action, further provided that any report created by such expert or consultant relying on or incorporating Highly Confidential Information in whole or in part shall be designated as Highly Confidential Information, further provided that such expert or consultant complies with the procedure of Paragraph 15 herein.

(c)    Those persons described in Paragraph 17 herein.

7.    The lists in Paragraphs 5 and 6 may be expanded by mutual agreement in writing by counsel for Plaintiff and Defendants.   In addition, to the extent that any of the in-house

01584180.2

counsel listed above is replaced during the course of this litigation, replacement counsel may be substituted in this Protective Order.

## Use and Control of Protected, Confidential and Highly Confidential Information

8.    All documents and information designated as Protected Information pursuant to this Protective Order and disclosed in this litigation shall be used by a recipient thereof solely for the purposes of this litigation and not for any business or competitive purposes. All documents and information designated as Confidential Information shall be disclosed only as permitted by Paragraphs 5 and 7 herein. All documents and information designated as Highly Confidential Information shall be disclosed only as permitted by Paragraphs 6 and 7 herein. It shall be the duty of each party and each individual having notice of this Protective Order to comply with this Order from the time of such notice.

9.    During a deposition, any party may note on the record that certain testimony contains either Confidential or Highly Confidential Information. Such information shall thereafter be treated in accordance with this Protective Order. In addition, a party may designate portions of any deposition transcript Confidential or Highly Confidential at any time until five (5) business days after receipt of the transcript have elapsed, and such information shall thereafter be treated in accordance with this Protective Order, but no use made by the opposing party prior to such designation shall be deemed to be a violation of this Protective Order.

10.    All information subject to confidential treatment in accordance with the terms of this Protective Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential or Highly Confidential Information, shall be filed under seal and kept under seal until further order of the Court. Where possible, only the protected portions of filings with the Court shall be filed under seal.

01584180.2

**Miscellaneous**

11.    This Protective Order is intended to provide a mechanism for handling the disclosure or production of Confidential or Highly Confidential Information to which there is no objection other than confidentiality. Each party reserves the right to object to any disclosure of information or production of any documents it deems to contain Confidential or Highly Confidential Information on any other ground it may deem appropriate, and any party may move for relief from, or general or particular modification of, the mechanism herein set forth or the application of this Protective Order in any particular circumstance.

12.    This Protective Order may be amended with respect to specific documents or items of Protected, Confidential or Highly Confidential Information by court order, or by written agreement of the parties hereto. This Protective Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court.

13.    Upon final termination of this action (including all appeals) with respect to any party receiving any Protected, Confidential or Highly Confidential Information and at the option of the designating party, the receiving party shall, within thirty (30) days of such termination, either return to the designating party or destroy all Protected, Confidential or Highly Confidential Information in its possession. In either event, the receiving party shall specifically describe the materials returned or destroyed and certify their return or destruction, with the exception that one outside counsel for each party may retain one copy of each of: the pleadings or other papers filed with the Court or served in the course of the litigation, the depositions, the deposition exhibits and the trial record.

14.    No party or person shall disclose or cause to be disclosed to anyone not specified in Paragraphs 5 or 6 as being entitled to receive it, any information designated as Confidential or

Highly Confidential Information under this Protective Order, without prior written consent of the designating party or an Order of this Court. If the receiving party learns that Confidential or Highly Confidential Information produced to it is disclosed to any person other than in the manner authorized by this Protective Order, the receiving party learning of the disclosure must immediately inform the designating party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

15. No expert or consultant designated in accordance with Paragraphs 5(b) or 6(b) above shall have access to Confidential or Highly Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto). A file of all such original written Declarations shall be maintained by counsel for the party obtaining them.

16. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order.

17. Nothing herein shall prevent: (a) any party from disclosing its own Protected Information, including without limitation its own Confidential or Highly Confidential Information, in any manner that it considers appropriate; (b) counsel for any party from showing or using Protected Information, including without limitation Confidential or Highly Confidential Information, during examination, at deposition or trial, of any current or former officer or employee, or retained expert, of the party who produced the information or designated the information Confidential or Highly Confidential, or during examination of any other witness with knowledge relevant to the subject of the Protected, Confidential or Highly Confidential Information; (c) the disclosure of Protected Information, including without limitation

01584180.2

Confidential or Highly Confidential Information to any person who either authored in whole or in part, or who received in the ordinary course of his or her work, the Protected, Confidential or Highly Confidential Information, provided such person signs a Declaration of Compliance with this Protective Order prior to such disclosure.

18.    Nothing herein shall prevent a receiving party from contending (for the purposes of securing an order so providing from the Court) that any or all Confidential or Highly Confidential Information is not confidential or otherwise not entitled to protection.    Any receiving party may at any time request that the designating party cancel or change the Protected, Confidential or Highly Confidential Information designation with respect to any document, object or information.    Such request shall be written, shall be served on counsel for the designating party, and shall particularly identify the designated Protected, Confidential or Highly Confidential Information that the receiving party contends is not Confidential or Highly Confidential and the reasons supporting its contention.    If the designating party does not agree to remove or change the Protected, Confidential or Highly Confidential Information designation, then the party contending that such documents or information are not confidential shall file a motion to be relieved from the restrictions of this Order with respect to the document or information in question.

19.    All documents and things produced by a party for inspection by the other shall be retained by the party producing the same and, during the pendency of this litigation, shall be made available for re-inspection for good cause pursuant to the terms of this Order on reasonable notice and at reasonable times upon request.

20.    The parties have agreed that inadvertent production of documents or information subject to the attorney-client privilege or work-product immunity (despite the parties' reasonable

9

efforts to prescreen such documents and information prior to production) does not waive the attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the producing party learns of its inadvertent production.

21.    All documents and things produced for inspection may be numbered by the producing party; all produced documents and things which are identified by counsel for the receiving party for copying or imaging at the request of opposing counsel shall be numbered by the producing party.

22.    Upon request, one copy or image of inspected documents or designated inspected documents, and where reasonably possible, inspected things, will be furnished by the party producing the same to the receiving party at the expense of the receiving party unless other arrangements have been made. Prior to copying or imaging, the parties to this Protective Order shall agree upon a rate to be charged the receiving party for copies or images of documents and things requested.

23.    This Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Protected, Confidential or Highly Confidential Information is disclosed hereunder.

ORDERED this _____ day of _____, 2008.

_____
The Honorable Myron H. Thompson
United States District Court Judge

10

01584180.2

_____

One of the Attorneys for Plaintiff                    One of the Attorneys for Defendants

11

01584180.2

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MOVIE GALLERY US, LLC,                )
                                       )
            Plaintiff,                 )
                                       )
vs.                                    )
                                       )    CIVIL ACTION NO. 1:07CV1032-MHT
MARK W. GREENSHIELDS,                  )
ASSOCIATED SOURCING, and               )
ASSOCIATED SOURCING HOLDINGS,          )
INC. d/b/a VIDEO LIBRARY               )
                                       )
            Defendants.

## DECLARATION OF COMPLIANCE

I, the undersigned, hereby acknowledge that I have read the Protective Order entered in this action, understand the terms thereof, agree to be bound by such terms, and agree to be subject to the jurisdiction of said Court in all matters relating to said Protective Order. I acknowledge that I will treat all information designated as "Confidential" and/or "Highly Confidential" strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____

                                       _____
                                       Signature


Address:                               _____
                                       Print Name


1

01584180.2