**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **MOVIE GALLERY US, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **CIVIL ACTION NO. 1:07CV1032-MHT** |
| **MARK W. GREENSHIELDS,** | ) | |
| **ASSOCIATED SOURCING, and** | ) | |
| **ASSOCIATED SOURCING HOLDINGS,** | ) | |
| **INC. d/b/a VIDEO LIBRARY** | ) | |
| | ) | |
| **Defendants.** | | |

**PLAINTIFF'S BRIEF IN SUPPORT OF ITS PROPOSED PROTECTIVE ORDER**

Pursuant to the "Joint Statement Re Proposed Protective Order" filed on March 6, 2008 (Pacer Doc. 37) ("Joint Statement"), Movie Gallery US, LLC ("Plaintiff" or "Movie Gallery") submits this brief in support of its proposed protective order.

As set forth in the Joint Statement, all parties agree that a protective order should be in place. The parties have agreed to a general form of a protective order, under which all information produced may be used only for purposes of the instant litigation and not for any business or competitive purposes. The only disagreement is the manner in which information labeled "Highly Confidential" may be divulged. Movie Gallery's proposal allows Defendant Associated Holdings, Inc. and Movie Gallery to share "Highly Confidential" information with two of their respective employees, based on Movie Gallery's position that such disclosure is necessary to afford Movie Gallery the opportunity to analyze essential information needed to prove its claims in the most cost-efficient manner. Defendants' proposed order does not allow disclosure of "Highly Confidential" information to such employees. As shown below, Movie Gallery's interests in prosecuting its case outweigh Defendants' interests in limiting disclosure,

1

and Movie Gallery respectfully requests this Court to enter its proposed protective order.

**A.     The Provision at Issue.**

Under Paragraph 6 of the agreed-upon form of the protective order, both parties agree that the parties' counsel (including in-house counsel) and expert witnesses should have access to "Highly Confidential" information.  Movie Gallery contends Paragraph 6 should additionally allow disclosure of "Highly Confidential" information to:

> (d)     Two (2) employees of Associated Sourcing Holdings, Inc. of its own choosing.  Before any such employees receive or view Highly Confidential Information, the receiving party must indicate to the designating party which two employees have been selected to review Highly Confidential Information.  Only these two employees may have access, pursuant to this sub-paragraph, to any and all subsequent information produced that is designated as Highly Confidential. No such employees shall have access to Highly Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto).

> (e)     Two (2) employees of Movie Gallery of its own choosing.  Before any such employees receive or view Highly Confidential Information, the receiving party must indicate to the designating party which two employees have been selected to review Highly Confidential Information.  Only these two employees may have access, pursuant to this sub-paragraph, to any and all subsequent information produced that is designated as Highly Confidential.   No such employees shall have access to Highly Confidential Information without first signing a Declaration of Compliance with the Protective Order (in the form attached as Exhibit 1 hereto).

Importantly, the Declaration of Compliance with the Protective Order ensures that the signing party has read the protective order, understands its terms, and agrees to be bound by the terms of the protective order.

**B.     Legal Discussion.**

Based on conversations with counsel for Defendants and their responses to Movie Gallery's discovery requests, Movie Gallery believes documents labeled "Highly Confidential" by Defendants will contain customer lists, financial information, and other information

Defendants will contend contains proprietary trade secrets. Fed. R. Civ. P. 26(c)(7) permits this Court, upon a showing of "good cause," to order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way." Because Defendants seek the more restrictive protection, they must demonstrate "good cause" for their proposed restriction, and Defendants bear the additional burden of proving the competitive harm they would suffer if the sharing of information is effected in the manner that Movie Gallery proposes. *See, e.g.,* Wright & Miller, Federal Practice and Procedure § 2043. In so doing, Defendants must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory allegations." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). Although Movie Gallery does not bear the burden here, Movie Gallery nevertheless contends that its interests in sharing so-called "Highly Confidential" information with two of its employees for purposes of proving its case exceed any speculative harm that Defendants may argue they will incur through such disclosure.

Movie Gallery brought this civil action to enforce its rights in the VIDEO LIBRARY Mark used in conjunction with its Video Library "movie racking" business, as well as its rights under the Confidentiality Agreement entered into for purposes of negotiations regarding the potential sale of the Video Library business to Defendant Greenshields. Movie Gallery believes Defendants wrongfully used the confidential information provided to Defendant Greenshields during negotiations, which included (1) detailed customer lists, including the location of every Video Library movie rack throughout a twelve-state region; (2) internal business processes; (3) warehouse information and inventory; (4) payroll information; (5) information regarding aging receivables; (6) vendor information; and (7) financial statements for the years 2004-06, as well as the VIDEO LIBRARY Mark to steal customers away from Movie Gallery. Indeed,

3

Defendants seek federal registration of the VIDEO LIBRARY Mark, and have used lease agreements indicating that they do business as Video Library. To date, Defendants have taken at least fifteen of Movie Gallery's former customers. Seven of these customers were taken through the use of lease forms in which Defendants used the VIDEO LIBRARY Mark.

To prove its case, Movie Gallery must evaluate information regarding Defendants' movie racking customers, financial position, and operating procedures. Movie Gallery seeks to share such information with two of its employees who are highly-knowledgeable about Movie Gallery's Video Library business and the movie racking business as a whole, and who can discern from the intricacies of such information whether Plaintiff's confidential information was employed to solicit Movie Gallery's customers. These employees also will know if any of Defendants' current customers were targets of Movie Gallery, which could have been acquired through Defendants' use of the VIDEO LIBRARY Mark. If such employees are not allowed to view this information, Movie Gallery certainly would be prejudiced and inhibited in its ability to prosecute its case. *See, e.g. MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 502 (D. Kan. 2007) ("*MGP*") (rejecting protective order restricting employees from accessing highly confidential information and explaining "[p]rohibiting [Plaintiff's] employees from having access to discovery materials in this case could impair its ability to prosecute its claims against defendants, at the heart of which is [Plaintiff's] allegation that defendants made wrongful use of [Plaintiff's] confidential information.")

Indeed, these employees are in the best position to make such determinations, and Movie Gallery does not yet know if it will -- or even if it can -- hire an outside expert to make such assessments. Movie Gallery's attorneys also could not possibly determine which clients were targets of Movie Gallery for purposes of investigating whether the VIDEO LIBRARY Mark was

01615241.2

used to sway these customers from Movie Gallery. Such concerns weigh in favor of adopting Movie Gallery's version of the protective order. *See Frees, Inc. v. McMillian*, 2007 WL 184889 *5 (W.D. La. Jan. 22, 2007) (rejecting attorneys-eyes only designation because the Plaintiff "would be forced to hire an outside consultant which, as [Plaintiff] points out, would not only be very expensive, but also very difficult because, according to [Plaintiff], no experts currently have the particularized knowledge . . . necessary to properly evaluate [Defendants'] documents.")

Further, Movie Gallery's proposed order requires employees to sign a Declaration of Compliance, ensuring the employee has read the protective order, understands its terms, and agrees to be bound by its terms. Thus, any fears Defendants have regarding wrongful divulgence of "Highly Confidential" information are obviated. As the *MGP* court noted in rejecting a protective order restricting employees from viewing "highly confidential" information:

> [t]he protective order requires almost all persons who are granted access to confidential information to sign an agreement stating that they have read the protective order and that they agree not to use, permit the use of, or disclose to anyone else the confidential information for any purposes other than this lawsuit. Thus, the risk of anyone abusing his or her knowledge of confidential information is small.").

*MGP*, 245 F.R.D. at 502; *see also Princeton Mgmt. Corp. v. Assimakopoulos*, 1992 WL 84552 at *1 (S.D.N.Y. April 10, 1992) ("Plaintiff has proposed reasonable conditions, commonly stipulated to in this District, to limit access to the documents to two specifically designated representatives of plaintiff solely for the purposes of this litigation. That is all that is necessary to protect any legitimate interest in confidentiality.")

Accordingly, because Movie Gallery's interests in proving its case exceed potential confidentiality concerns that Defendants may argue they will suffer, Movie Gallery respectfully requests this Court to enter its proposed protective order.

01615241.2

DATE:  March 13, 2008


  /s J. Ethan McDaniel
Jeffrey M. Grantham (GRA048)
M. Lee Huffaker (HUF011)
J. Ethan McDaniel (MCD065)
Attorneys for Plaintiff Movie Gallery


OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

01615241.2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Andrew Stewart, III
Quindal C. Evans
John Edward Goodman
Philip E. Cutler
Robert G. Nylander

_/s J. Ethan McDaniel_____
OF COUNSEL

01615241.2