IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MOVIE GALLERY US, LLC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK W. GREENSHIELDS, | ) | CIVIL ACTION NO.: |
| ASSOCIATED SOURCING, AND | ) | 2:07-cv-01032-MHT-CC |
| ASSOCIATED SOURCING | ) | |
| HOLDINGS, INC. d/b/a VIDEO | ) | |
| LIBRARY, | ) | |
| | ) | |
|     Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF RE PROTECTIVE ORDER**

Plaintiff's brief in support of its version of the Protective Order completely ignores several categories of Highly Confidential documents, among them detailed (*i.e.*, customer-specific) financial reports and similar documents, the competitive value to plaintiff being obvious. Instead, plaintiff focuses on "customer lists" and similar documents and chooses to argue the merits of its case.

As to the former, there is nothing in plaintiff's brief to support its argument that it needs to share with "two of its employees who are highly knowledgeable about [plaintiff's] business and the movie-racking business as a whole" ASG Video's "customer lists" and specific ASG Video customer contracts with persons that did not have a prior business relationship with plaintiff (assuming such documents are produced). Plaintiff's attorneys are experienced in business litigation and they are fully competent to look at plaintiff's own "customer list" or list

1

of "prospects" and, comparing it to ASG Video's customers (and plaintiff already knows which of its former customers have signed with ASG Video) or potential customers, discern whether there is any overlap. There are no technical or other "intricacies" present in these documents, as there might be in a patent dispute (such as in the case plaintiff cites, *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497 (D. Kansas 2007)).[1] ASG Video has signed contracts with a very small number of customers who previously did a movie-racking rental business with plaintiff; plaintiff pegs the number at 15, the contracts for which ASG Video has already produced under a designation which permits plaintiff's attorneys to show them to its "current employees...to whom the disclosure is necessary for purposes of this litigation." Plaintiff's attorneys are fully competent to handle these issues. If they should feel the need to share the documents with others within plaintiff's organization, they need only ask ASG Video's counsel. If the parties are unable to resolve any disagreement, this Court is available to decide the issue.

As to the merits of the case, defendants have answered the complaint and vigorously contest the charging allegations made therein. For instance, the evidence will show that (1) the documents provided defendant Greenshields during the negotiations over the acquisition of plaintiff's movie-racking rental business were used by him only for purposes of those negotiations and were not disclosed to anyone else, or used in any fashion by ASG Video or its employees and (2) the disputed "Video Library" mark has not been used by ASG Video except in describing ASG Video (*e.g.*, "dba Video Library") on 7 contracts (of a grand total of 15) with customers which had a previous movie-racking rental business relationship with plaintiff, all of which were entered into prior to August 31, 2007 and have previously been produced to plaintiff.

---

[1] The Court in *MGP Indgredients* at 501 describes a long list of precedents in which courts have refused to allow disclosure of sensitive material to "competitive decision maker[s]" who "would be virtually unable to compartmentalize the information and not use the information to seek to gain an unfair competitive advantage". Since plaintiff has not disclosed who would review the materials requested, there can be no telling whether they are "competitive decision makers."

Plaintiff will take the deposition of defendants and Jared Smith on April 1-2 and can fully inquire into these matters then.

The Court should enter the Protective Order proposed by defendants.

Respectfully submitted this 13th day of March, 2008.

*s/ Philip E. Cutler*
Philip E. Cutler (WSBA 5084)
Cutler Nylander & Hayton, P.S.
1191 Second Avenue, Suite 1650
Seattle, Washington 98101
Telephone: (206) 340-4600
Facsimile: (206) 340-4646
E-mail: philcutler@cnhlaw.com
rgnylander@cnhlaw.com

**Attorneys for Mark W. Greenshields, Associated Sourcing, and Associated Sourcing Holdings, Inc.**

Of Counsel

Charles A. Stewart III (STE067)
Quindal C. Evans (EVA040)
Bradley Arant Rose & White LLP
The Alabama Center for Commerce
401 Adams Avenue, Suite 780
Montgomery, AL 36104
Telephone: (334) 956-7700
Facsimile: (334) 956-7701
E-mail: cstewart@bradleyarant.com
qevans@bradleyarant.com

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

      Jeffery M. Grantham, J. Ethan McDaniel, M. Lee Huffaker
      Maynard Cooper & Gale, P.C.
      1901 Sixth Avenue North
      2400 Regions/Harbert Plaza
      Birmingham, AL 35203-2618

and I hereby certify that I have also mailed by United States Postal Service the document to the following attorneys: None.

      Respectfully submitted,

      *s/ Philip E. Cutler*
      Of Attorneys for Defendants

4