IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MOVIE GALLERY US, LLC,                 ) | |
| ) | |
|     Plaintiff,                            ) | |
| ) | |
| v.                                                     ) | CIVIL ACT. NO.  2:07-CV-1032-MHT |
| ) | (WO) |
| MARK W. GREENSHIELDS, *et al*,   ) | |
| ) | |
|     Defendants.                        ) | |

**MEMORANDUM OPINION AND ORDER**

The parties agree that the court should enter a protective order so that they may exchange in discovery information which they deem to be confidential. The protective order both propose is a two-tiered order which treats "highly confidential" more restrictively than mere "confidential" information. The parties cannot agree on whether "highly confidential" information may be disclosed to employees, however. Movie Gallery wants to choose two employees to whom it may disclose this information. Movie Gallery contends that these employees are knowledgeable about all facets of their highly competitive businesses and "can discern from the intricacies of such information whether Plaintiff's confidential information was employed to solicit Movie Gallery's customers." Further, Movie Gallery argues that if it cannot make disclosure of the information to these employees it will suffer prejudice because its ability to prosecute this case will be impaired.

Unsurprisingly, the corporate defendants Associated Sourcing and Associated Sourcing Holdings, Inc., d/b/a Video Library don't agree with Movie Gallery's

assessment. The defendants argue that because the information is so competitively sensitive it should be initially disclosed only to counsel and experts. Further, the defendants say, "To the extent that some information needs to be disclosed beyond attorneys and experts, there is no reason why counsel cannot work together to satisfy the sensitivity concerns of the producing party and the legitimate discovery needs of the receiving party."

Given the present state of the discovery in this case, it should surprise no one that the court has a modicum of skepticism about this last entreaty which is more likely to engender further argument than agreement between these competitors. There is no clear answer to the conundrum posited by the parties. Thankfully, the court is not wholly bereft of guidance.

Pursuant to FED.R.CIV.P. 26(c)(A-G), upon motion by a party, a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; (E) designating the persons who may be present while the discovery is conducted; (F) requiring that a deposition be sealed and opened only on court order; (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or

be revealed only in a specified way.

So, FED.R.CIV.P. 26 authorizes the court to do what either of the parties desire upon a showing of good cause. But that observation creates the next problem for the court because it is not at all clear that either side of this controversy has made a showing which would amount to good cause, and the court could very well refuse to issue any kind of protective order on that basis alone. That won't do, however, because it obviously would stymie discovery in this case. There are still some first principles upon which the court may rely. The first of those is that even with FED.R.CIV.P. 26(b)'s minor clarification that relevance for discovery purposes means discovery must be related to a claim or defense, a district court is

> bound to adhere "to the liberal spirit of the [Federal] Rules." . . . The Federal Rules do not give district courts "blanket authorization ... to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes.

*Adkins v. Christie*, 488 F.3d 1324, 1331 (11th Cir. 2007).

In other words, a party resisting disclosure bears the burden of "demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470-71 (N.D.Tex.2005).

In short, the Rules of Civil Procedure favor disclosure and a party opposing disclosure must demonstrate that any harm outweighs disclosure. In the case now before

the court, the defendants correctly point out that Movie Gallery will likely be required to produce the same information it seeks from the defendants and which it wants to disclose to its employees. But that observation militates in favor of disclosure for obvious reasons. After careful consideration, the court concludes that the parties should be permitted under the restrictions of an appropriate protective order to disclose "confidential" and "highly confidential" information to selected employees. Neither side has made a sufficient showing of harm to overcome the presumption favoring disclosure of relevant information.

However, this disclosure will be subject to some further requirements and restrictions. First, within one week after disclosure, the disclosing party shall notify the party who produced the information about (1) the identity of the employee to whom disclosure was made and (2) a description of what information was disclosed. Secondly, based on the submissions of the parties, it is not at all clear that all of the information needs to be disclosed to each of the employees. Thus, the court concludes that no information may be disclosed to more than one employee unless notice is given to the producing party which shall have 10 days from the date of the notice to seek a protective order from the court restricting access to more than one employee.

The suggested protective orders do not contain these restrictions, and the court concludes that the parties should be afforded an opportunity to revise the suggested order before the court enters an order. Accordingly, it is

ORDERED that on or before April 28, 2008, the parties shall file a proposed

protective order which embodies the conclusions contained in this order. Thereafter, the court will resolve the pending motions by entry of a protective order.

Done this 14th day of April, 2008.

                                            /s/Charles S. Coody
                                      CHARLES S. COODY
                                      CHIEF UNITED STATES MAGISTRATE JUDGE