IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MOVIE GALLERY US, LLC,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. 1:07CV1032-MHT |
| **MARK W. GREENSHIELDS,** **ASSOCIATED SOURCING, and** **ASSOCIATED SOURCING HOLDINGS,** **INC. d/b/a VIDEO LIBRARY** | ) ) ) ) ) |
| **Defendants.** | ) |

## MOTION FOR CONTINUANCE OF TRIAL DATE

Plaintiff, Movie Gallery US, LLC ("Plaintiff" or "Movie Gallery"), through its undersigned counsel, respectfully requests this Court to continue the trial of this matter currently set for Monday, July 7, 2008 to its December 1, 2008 trial term. In support of this Motion, Movie Gallery states as follows:

1. The trial of this matter is currently set for Monday, July 7, 2008. (Pacer Doc. 32.) This case originally was set for trial on September 8, 2008. (Pacer Doc. 25.) In January, Plaintiff moved for a continuance of the date of the evidentiary hearing on Plaintiff's motion for preliminary injunction, which had been scheduled for February 5, 2008. (Pacer Doc. 31.) Instead of continuing the date for the evidentiary hearing on the motion for preliminary injunction, this Court, after conferring with counsel for Plaintiff and Defendants, dismissed the motion for preliminary injunction without prejudice and expedited the trial date to July 7, 2008. (Pacer Doc. 31.) During this hearing, this Court ordered the Parties to an early mediation of this case. In order to save expenses and effort, the Parties agreed to hold discovery in abeyance pending the mediation.

1

2. The Parties engaged in an unsuccessful mediation of this matter on February 25, 2008, which was the first mutually-agreeable date available for mediation with Judge Capel.

3. Since the mediation, the Parties have exchanged written discovery responses and produced documents. In addition, the depositions of Defendant Mark Greenshields and Jared Smith, an employee of Associated Sourcing Holdings, Inc., were taken on April 1-2, 2008. These dates were the earliest mutually-agreeable dates available for these depositions, which took place in Seattle, Washington.

4. The current discovery cutoff, which is tied to the July 7, 2008 trial date in this case, is June 6, 2008. (Pacer Doc. 31.) Plaintiff's expert report apparently is due on or before April 30, 2008. (Pacer Doc. 23.) The docket entry corresponding with Pacer Doc. 31 states that motions were due on February 27, 2008, which was two days after the mediation.

5. Very much remains to be done by way of discovery in this case. Indeed, although Defendants have indicated that they plan to take the depositions of two Movie Gallery employees and a corporate representative of Movie Gallery, Defendants have not yet issued any deposition notices. Plaintiff also has more depositions to take, as well as a great deal of third-party discovery to undertake. Indeed, Plaintiff, on Friday, April 18, issued subpoenas to fifteen entities who were formerly Movie Gallery customers but are now customers of Defendants. Documents requested pursuant to those subpoenas are not due until fifteen days from service. Further, Movie Gallery plans to serve additional third-party subpoenas this week. Finally, Movie Gallery has yet to receive from Defendants all documents requested through Movie Gallery's written requests for production. Specifically, documents Defendants have refused to produce to date include, but are not limited to: (1) documents Defendant Greenshields received pursuant to the governing confidentiality agreement during negotiations with Movie Gallery to purchase

01629743.2

Movie Gallery's Video Library Business; (2) contracts with entities who were not previously Movie Gallery customers; (3) documents identifying Defendants' customers and prospective customers; (4) documents relating to monthly revenue received from customers who were not previously Movie Gallery customers; and (5) documents and correspondence used in conjunction with solicitation of customers who were not previously Movie Gallery customers. Movie Gallery sent Defendants a letter on March 20, 2008 outlining Movie Gallery's perceived deficiencies in Defendants' document production. Unfortunately, a motion to compel adequate production of such documents may be necessary if this dispute cannot be resolved in the next few days. Thus, Movie Gallery, despite actively and diligently pursuing discovery, would be very hard pressed to complete discovery by the June 6, 2008 discovery cutoff. Movie Gallery also has not determined yet whether it will hire an expert, and it would be a tall task for Movie Gallery to be in a position to meet the apparent April 30, 2008 deadline for its expert report.

6. Further, Movie Gallery recently filed an action, styled Movie Gallery US, LLC. v. Jared Smith et al, 38-CV-2008-900125, in the Circuit Court of Houston County, Alabama on Thursday, April 10, against three former Movie Gallery employees who are now employees of Defendant Associated Sourcing Holdings, Inc. Movie Gallery believes that counsel for the Defendants in the instant action will represent the defendants in the Houston County action.

7. Most importantly, in light of the potential great expense (and the expense already incurred) related to the instant litigation, especially if this action proceeds through the discovery phase and to trial, the Parties have picked back up settlement discussions. Indeed, counsel for Plaintiff transmitted a settlement offer to counsel for Defendants on April 16, 2006. This proposed settlement includes settlement of both the instant action as well as the action filed in the Circuit Court of Houston County.

3

8. Counsel for Movie Gallery conferred with counsel for Defendants on April 18, 2008 regarding a proposed Joint Motion for Continuance of Trial Date in light of the fast-approaching deadlines, the current state of discovery, and settlement discussions. Indeed, counsel for Movie Gallery drafted such a joint motion and transmitted it to Defendants' Counsel. Nevertheless, Defendants' counsel represented to counsel for Movie Gallery that Defendants would not join in a motion for continuance under any circumstances. Further, Defendants' counsel stated that they would not oppose the instant Motion <u>only if</u> Movie Gallery agreed to dismiss, without prejudice, the related Houston County action. Of course, Movie Gallery does not agree to such a proposition.

9. Despite Defendants' refusal to join in this Motion and their refusal to agree not to oppose this motion, Movie Gallery believes the requested continuance is necessary to properly prepare this case for trial and therefore will not be prejudicial to the administration of justice in any respect. Indeed, it is Movie Gallery's position that the requested continuance will benefit all Parties and this Court, especially in light of the facts that Defendants have not even taken a single deposition, and less than 60 days remain to complete <u>all</u> necessary discovery in this case. Further, Plaintiff, who initially filed for the preliminary injunction and felt that an expedited trial date was in its best interest, now believes that a continuance of the trial date will best promote the administration of justice in light of the need to complete vital discovery and develop the record necessary to litigate this action.

WHEREFORE, premises considered, Movie Gallery respectfully requests this Court to continue the trial of this matter currently set for Monday, July 7, 2008 to its December 1, 2008 trial term.

4

01629743.2

DATE:  April 21, 2008

                              Respectfully submitted,

                               /s J. Ethan McDaniel_____
                              Jeffrey M. Grantham (GRA048)
                              M. Lee Huffaker (HUF011)
                              J. Ethan McDaniel (MCD065)
                              Attorneys for Plaintiff Movie Gallery

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

5

01629743.2

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 21, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Andrew Stewart, III<br>
Quindal C. Evans<br>
John Edward Goodman<br>
Philip E. Cutler<br>
Robert G. Nylander

                                                _/s J. Ethan McDaniel_____
                                                OF COUNSEL