IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **MOVIE GALLERY US, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | CIVIL ACTION NO. 2:07CV1032-MHT |
| **MARK W. GREENSHIELDS,** ) | |
| **ASSOCIATED SOURCING, and** ) | |
| **ASSOCIATED SOURCING HOLDINGS,** ) | |
| **INC. d/b/a VIDEO LIBRARY** ) | |
| ) | |
| **Defendants.** | |

**JOINT MOTION TO SUBMIT NARROWED EXHIBIT LISTS 40 DAYS PRIOR TO TRIAL, OBJECTIONS TO EXHIBITS 14 DAYS PRIOR TO TRIAL, RESPONSES TO OBJECTIONS 7 DAYS PRIOR TO TRIAL AND TO DESIGNATE DEPOSITION TESTIMONY 40 DAYS PRIOR TO TRIAL**

This case was previously set for trial on July 7, 2008. At the pretrial conference held on May 27, 2008 the Court rescheduled the trial date to October 20, 2008. However, the parties exchanged Witness Lists, Exhibit Lists, and Deposition Designations on June 10, 2008 pursuant to the Court's directive at the pretrial conference. The parties jointly move for the Court's permission to file (1) narrowed Exhibit Lists 40 days prior to the October 20, 2008 trial date, (2) objections to the opposing parties' exhibits 14 days prior to the October 20, 2008 trial date, (3) responses to objections 7 days prior to the October 20, 2008 trial date, and (4) new deposition designations by September 10, 2008, which is 40 days prior to the October 20, 2008 trial date.

As this Court is aware, Section 11 of the Court's Uniform Scheduling Order requires the Parties to file objections to the opposing parties' exhibits 14 days prior to the trial date, and the offering party must respond to these objections no later than 7 days prior to trial. However, the Parties are uncertain as to whether this deadline is based on the July 7, 2008 trial date or the new October 20, 2008 trial date.

1

01654858.2

As noted above, the Parties timely filed lists of their proposed exhibits on June 10, 2008, just four days after the official close of discovery on June 6, 2008. Plaintiff's Exhibit List included many more exhibits than it will likely offer at trial, and thus will require narrowing, as well as further supplementation. Defendants will also likely further narrow their Exhibit List once all discovery is completed and may list additional exhibits based on the completion of that discovery.

The Parties submitted Exhibit Lists in need of narrowing and supplementation for several reasons. First, on June 6, 2008, prior to the close of discovery, Plaintiff produced thousands of documents, each of which Plaintiff has included on its Exhibit List because Plaintiff believed it necessary to preserve its ability to offer any of the documents produced by the Parties. Plaintiff further sought to preserve its ability to offer any documents produced by third parties by including documents received from third parties as of June 10, 2008. The Parties anticipate that, after reviewing Plaintiff's recently-produced documents, several of these documents will be added to Defendants' Exhibit List as well. Next, as the Court is aware, there are several more depositions scheduled in this case, and documents produced in conjunction with deposition notices and exhibits used during those depositions likely will be designated as exhibits by both Parties. As a result of the forthcoming depositions, the Parties also will need to file supplemented deposition designations at a later date.

In light of these circumstances, the Parties agree that supplementation and narrowing of their respective Exhibit Lists will be needed in the future. As a result, serving objections based on the July 7, 2008 trial date (i.e., on June 23, 2008) will lead to duplicative efforts and unnecessary cost burdens. Given the Parties' designation of more exhibits than they could realistically offer at trial, which is a direct result of the circumstances explained above, it would

01654858.2

be a largely futile task to require the Parties to respond with objections to each exhibit included on the respective Exhibit Lists by the ostensible due date (June 23, 2008), especially since a fair amount of exhibits included in the respective Exhibit Lists ultimately will not be used at trial. Also, as set forth above, Plaintiff produced thousands of documents on June 6, 2008, prior to the discovery cutoff, each of which Plaintiff has included on its Exhibit List; these documents require a thorough review by Defendants in order to identify potential objections, which cannot be completed by June 23, 2008.

Accordingly, the Parties respectfully request this Court to allow them to file (1) new Exhibit Lists on or by September 10, 2008, which is 40 days prior to the October 20, 2008 trial date, (2) objections to the adverse Parties' Exhibit List on or by October 6, 2008, which is 14 days prior to the October 20, 2008 trial date, (3) responses to objections on or by October 13, 2008, which is 7 days prior to the October 20, 2008 trial date, and (4) new deposition designations by September 10, 2008, which is 40 days prior to the October 20, 2008 trial date. None of these deadlines will have any effect on the trial date or prejudice the Parties in any way.

    Respectfully submitted,

    /s J. Ethan McDaniel_____
J. Ethan McDaniel (MCD065)
One of the attorneys for Plaintiff

/s Quindal C. Evans_____
Quindal C. Evans (EVA040)
One of the attorneys for Defendants

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Andrew Stewart, III  
Quindal C. Evans  
John Edward Goodman  
Philip E. Cutler  
Robert G. Nylander

                                                  /s J. Ethan McDaniel_____  
                                                  OF COUNSEL